UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAMPART ALLSTARS, LLC                         CIVIL ACTION

VERSUS                                        NO. 24-1767

SONDER USA, INC.                              SECTION M (5)

**ORDER & REASONS**

Before the Court is the motion of defendant Sonder USA, Inc. ("Sonder") to dismiss the complaint of plaintiff Rampart Allstars, LLC ("Rampart") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1]  Rampart responds in opposition.[2]  Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

**I.    BACKGROUND**

This case involves a commercial lease dispute.  The complaint alleges, in pertinent part, that the parties entered into a commercial lease agreement whereby Sonder, as lessee, agreed to remit to Rampart, as lessor, rental payments on the first of each month, Sonder failed to make its rental payment due on July 1, 2024, and although Rampart provided notice to Sonder of the default, "Sonder never remitted" its July rent to Rampart.[3]

**II.   PENDING MOTION**

In its motion, Sonder first argues that it timely cured the alleged breach by remitting the past-due rent to Rampart on July 17, within five days of Sonder's receipt of a notice of default and demand for payment ("Notice of Default") on July 13, as required by the lease.[4]  Sonder also

---

[1] R. Doc. 9.
[2] R. Doc. 16.
[3] R. Doc. 1 at 2-4 (quotation at 4).
[4] R. Doc. 9-1 at 6-7 (quoting R. Doc. 9-2 at § 3(c)).

contends that because the Notice of Default "did not comply with the notice provisions in the [l]ease, any period for compliance set forth in the Notice of Default never commenced."[5] Sonder further argues that Rampart did not provide sufficient time for Sonder to cure because "Rampart emailed the Notice of Default on Saturday, July 13, 2024, late in the afternoon, demanding payment by wire by the next day, Sunday, July 14, 2024, when banks are closed."[6] Next, Sonder contends that Rampart's acceptance of Sonder's July 17 payment and subsequent monthly rental payments cured any default and vitiated the Notice of Default.[7] Sonder finally argues that the relief sought by Rampart, including "over $4.7 million in accelerated rent" is "unreasonable and inequitable, and such a harsh remedy is not afforded under Louisiana law."[8] Throughout its motion, Sonder cites to and relies upon documents not referenced in the complaint.

In opposition, Rampart contends that its complaint sufficiently alleges each element of a claim for breach of contract under Louisiana law and therefore is not subject to dismissal under Rule 12(b)(6).[9] Rampart further argues that Sonder's motion improperly "attempts to litigate Rampart's conduct and the meaning and effect of specific [l]ease provisions," rather than attacking the sufficiency of the allegations in the complaint, at the pleading stage.[10] Specifically, Rampart argues that whether Sonder's July 17 payment cured the alleged default "is a matter of factual determination[,] not a matter appropriate for resolution at the pleading stage."[11] Rampart also contends that Sonder's argument that the Notice of Default was defective is irrelevant to the sufficiency of the complaint and ignores the lease provision stating that "'fail[ure] to pay when due any installment or rent or any other payment required pursuant to this [l]ease and the failure

---

[5] *Id.* at 7-8 (quoting R. Doc. 9-2 at § 22(b)).
[6] *Id.* at 8.
[7] *Id.* at 9.
[8] *Id.* at 10.
[9] R. Doc. 16 at 3-4.
[10] *Id.* at 4.
[11] *Id.* at 5.

2

continues for five (5) days (even if no notice thereof is given)'" constitutes a default.[12] Rampart finally contends that Sonder's argument "that Rampart waived the right to demand accelerated payment … is a classic example of a defense that cannot be resolved at the pleading stage."[13]

## III. LAW & ANALYSIS

### A. Legal Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate

---

[12] *Id.* at 5-6 (quoting R. Doc. 9-2 at § 21).
[13] *Id.* at 6.

3

to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)). Motions to dismiss are disfavored. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also take judicial notice of certain

matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### B. Analysis

To succeed on a breach-of-contract claim in Louisiana, a plaintiff must show "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. App. 2011). Because the complaint at issue here alleges that the parties entered into a contract whereby Sonder agreed to make rental payments on the first of each month (an obligation)[14] and failed to make the rental payment due on July 1 (a breach)[15] which remained unpaid as of the filing of the complaint on July 15 (resulting in deprivation of the unpaid rent owed, *i.e.*, damages, to Rampart),[16] and such allegations must be taken as true at the pleading stage, Rampart sufficiently pleads each element of a breach-of-contract claim to survive a motion to dismiss. Thus, the Court denies Sonder's motion to dismiss at this pleading stage, but not without noting that at least some of Sonder's arguments appear to have merit and will be considered at greater length at the appropriate time, upon Sonder's filing a motion for summary judgment, when

---

[14] R. Doc. 1 at 2.
[15] *Id.* at 4.
[16] *Id.*

the Court will be free to consider the documents referenced in Sonder's motion and is not compelled to simply accept as true the factual allegations of the complaint.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Sonder's motion to dismiss (R. Doc. 9) is DENIED.

New Orleans, Louisiana, this 18th day of November, 2024.

						_____
						BARRY W. ASHE
						UNITED STATES DISTRICT JUDGE